## HUDSON B. POWELL *vs.* MICHAEL BUCKLEY.

Although a party who does work under a special contract cannot recover the price under the common counts, while the contract remains unexecuted; yet he may recover under those counts the price of extra work not embraced in the special contract.

### APPEAL FROM ST. LOUIS COURT OF COMMON PLEAS.

#### STATEMENT OF THE CASE.

This was an action of *indebitatus* assumpsit brought in the St. Louis court of common pleas by Powell vs. Buckley, to recover for carpenters and joiners work done on the defendant's house. The declaration contained the common counts for work and labor, &c., and the case was tried by a jury in the court below on the general issue.

On the trial it appeared in evidence that in the fall of 1845, Buckley made a contract with Powell to do the carpenters and joiners work on a house, (Buckley furnishing the materials) for the sum of $136, of which one half was to be paid in Oct. 1846, and the other half six months afterwards. This contract rested on parol, but the parties mutually executed a penal bond securing the performance of the contract under the penalty of five hundred dollars. Un-

der this contract, Powell proceeded in the fall of 1845 to do the work, he framed and laid three tiers of joints, set up partitions and some of the rafters, and while the building was incompleted, a sudden tempest threw down the walls and crushed and injured the framed timbers and other work that Powell had put in the building.

It appeared that Buckley was much disheartened by this accident and for a while thought of giving up his project of erecting a house, much negotiation was had between the parties ; Buckley proposed to give Powell a lot, but they did not agree on the price. After a delay of several weeks, Buckley concluded to resume the work of building a house, and in fact Powell did the carpenter and joiners work, but on what terms this last work was done was the principal question of difference between the parties on the trial. On the part of Powell it was insisted, and proof was adduced tending to show that the old contract was set aside and that he was to be paid for his labor a fair price in money. On the other hand Buckley contended that the original contract was by agreement extended to this new work: proof of Powell's declarations during the progress of the work was adduced to show this understanding of the parties. It was however, admitted on all hands that Powell had done on the second house, more work than was embraced in the contract, and Buckley expressed a willingness to pay for such work as extras. The work was all completed early in May, 1846, when Powell sent persons to make a measurement, but Buckley, who was living in the house would not permit it, saying that nothing required measurement but the extra work and that should not be measured until Powell furnished a bill of that work, the amount and value of the work was proved by the witnesses.

The court gave these instructions:

1st. If the jury find from the evidence that the work sued for in this action was done under a special contract between the parties, the verdict ought to be for the defendant.

2nd. Although the parties may have agreed to abrogate the contract when the house fell down, yet if the jury find that afterwards and during the progress of the second building the plaintiff recognized the existence of a contract, it is evidence from which the jury may infer that the contract is reinstated and is still in force." The jury found for defendant. Instructions covering the plaintiff's view of the case were offered and refused. The questions were properly saved by exceptions and motion for a new trial and the case now here by appeal.

CARROLL for appellant.

It is well settled that if there be a special agreement made afterwards, the parties make a new and distinct agreement by parol, whether it be as a substitute for the old, or in addition to, and beyond it, the injured party can sue in assumpsit, and if subsequent, it is immaterial whether it refers to, and partially or *totally* adopts the provisions of the former contract in writing, provided the old agreement be rescinded and abandoned. Nor is it of any consequence that the old agreement is under seal. See Bunn vs. Miller 4 Taunt. 745; Foster vs. Alluson 2 T. R. 479; 1st Washington's Rep. p. 170; 1 Easts. Rep. 629; 13 Mass. Rep. 416; 14 Johns. Rep. 330; 7 Cowen 48, 2 Watts Rep. 456; 1 Appleton 405, 9 Pick. Rep. p. 298. See also Greenleaf on evidence page 371, sec. 303.

If the work be done under a special agreement, the contract must be complied with before compensation can be claimed. This is the general doctrine, subject *always* to these exceptions, viz: where the other party prevents a compliance ; where the contract is waived by agreement; or lastly, where a performance of its stipulations is prevented by an act of God. In this case, the second in this list of exceptions exists, as will be seen by the testimony cited ; and the last also exists, since by its terms, the house was to be completed in a space of time, which if Powell had begun the very day after the hurricane to reconstruct, was entirely too short to make it possible for him to finish the work in season. See the special agreement page 19 of record.

See the language of this court in 4 Mo. Rep. Helm vs. Wilson p. 44.

Although there be a special agreement, yet if subsequently a modification of it is made by the parties to it, such modified agreement may be engrafted on the old bargain, so as to make a new and good agreement, and when executed, may be recovered on as such.

For contracts are to be construed according to the intentions of the parties as expressed by their words and actions, and not by their secret mental reservations, made only to entrap and deceive the unwary. As to Buckley's acceptance of the work, and his liability on that account, notwithstanding a special contract may be supposed to have existed (which is utterly denied.) See 7 Mo. Rep. p 530, Thompson and Sowers vs Allsman.

The first instruction thus given reads thus:

If the jury find from the evidence that the work sued for in this action, was done under a special contract between the parties, the verdict ought to be for the defendant."

The error here consists in the opinion, that work done under a special contract cannot be recovered under the common counts, and the account stated among them, *even after it is executed*. The case before cited and decided by this court, of Thompson and Sowers vs. Allsman, 7 Mo. Rep. p. 530, is conclusive on this point, a part of this work was doubtless due under the old contract, viz: that part which was done before the hurricane, and yet if the old contract was then "abrogated" and a new one made under which the remaining work was done, the whole can be recovered in this action. See 2 Watts Rep. p. 456, above cited, and also 1 Appleton p. 405. In the former the court says expressly that "it is certainly less incongruous to reduce the whole to parol; the written contract being treated as abandoned or used no further than to mark the terms and extent of the new stipulation." Vicary vs. Moore. So that the instruction did not cover the whole case·

Under that instruction, if the old contract was abandoned, and a *new* special contract was made the jury were forbid from finding under such new contract.

The 2nd instruction given by the court is far worse than the first. It is in these words, viz :

Although the parties may have agreed to abrogate the contract when the house blew down, yet if they find that afterwards, and during the progress of the second building, the plaintiffs recognized the existence of a contract, it *is* evidence from which the jury may infer that *the* contract has been reinstated and is still in force.

This is neither law nor logic. If the old contract was once "abrogated," I apprehend there was an end of it. There is no regeneration to such a contract. It cannot be "reinstated" except with the same formalities with which it was originally made. The idea of a contract under seal being once "abrogated" and then reinstated by parol, is a judicial novelty to say the least of it.

If there was any reinstatement of the contract, it became a *new, distinct,* and independent agreement *by parol,* upon which the action of assumpsit will properly lie after the execution of the contract. If the old contract was once "abrogated" it was "abrogated" for ever. A *bond* may be discharged by parol agreement. Sec. 7, Cowen 48, Dearborn vs. Cross & Thracker. But once discharged, could a bond be "reinstated" in any way, except by a new bond? The new contract may be between the same parties, and it may contain the same stipulations precisely, and it may be acted upon by them; but is the bond thereby reinstated? Surely argument is unnecessary and authority useless to illustrate a proposition only respectable because pronounced by a respectable tribunal.

I have shown that in the case of a special contract, where a subsequent agreement is made, which refers to and partially or totally adopts the provisions of the former contract, the party can sue in assumpsit, provided the old agreement is rescinded or abandoned; and I presume by using the word "abrogated" the court meant the same thing that is signified by the words *rescinded* or *abandoned.*

Again, I refer the court to Greenleaf on Ev. p. 371, sec. 303. This instruction is also erroneous in this, that the jury are told if there was *any* contract between the parties, that con-

tract must have been the old contract under seal; for the "court says if the plaintiff recognised the existence of a contract, it is evidence from which they may infer that the contract had been reinstated, and is still in force."

### HART for appellee.

1st. That the plaintiff's testimony proves only a negotiation for an abandonment of the original contract, but it failed or was given up. That the defendant's evidence proves that the subsequent work was done under the original contract, most clearly, but probably altered in the time. Therefore the plaintiff can only claim under the original contract altered as to time. The accident did not release Powell, for the act of God does not, in such cases, release or excuse.

2nd. If the above be correct, then it follows that Powell had sued immediately before the money was due. The record does not show whether this point was made below.

3rd. By the evidence it appears that no value of extra work was proved beyond what Buckley had paid.

### Judge BIRCH delivered the opinion of the court.

We suppose the first instruction in this case to have been predicated, not upon the ground that the plaintiff had misconceived, but immaturely commenced his action. Even in that view, however, we deem it to have been too broad and unspecific: whilst it was proper to inform the jury, in the hypothetical manner assumed in the instruction, that for work found to have been done under the agreement, a right of action had not accrued at the time of bringing the suit; the instruction should have gone farther, and have discriminated between such work and the extra services to which the testimony had relation. For such services, if any thing remained due, the plaintiff was entitled to judgment, and the court should have so informed the jury. We have reference, of course, to the extra work performed upon the second building, for as to the first, which was blown down, unless the jury should be satisfied that there was, and remained, a subsequent specific agreement to pay for it, we perceive nothing in the facts of this case to distinguish it from precedent ones, in which the pleadings of conscience and the weight of authority alike concur to discharge the defendant.

Let the judgment, therefore, be reversed, and the cause remanded for further proceedings in conformity with this opinion.